COMMONWEALTH of Pennsylvania,
Appellee

v.

Hugo Marcus SELENSKI, Appellant.

Superior Court of Pennsylvania.

Argued Jan. 12, 2011.

Filed April 20, 2011.

**1230**

Wieslaw T. Niemoczynski, Public Defender, Stroudsburg, for appellant.

Colleen Mancuso, Assistant District Attorney, Stroudsburg, for Commonwealth, appellee.

BEFORE: STEVENS, P.J., FREEDBERG, and PLATT *, JJ.

OPINION BY PLATT, J.:

Appellant, Hugo Marcus Selenski, appeals from the judgment of sentence entered in the Court of Common Pleas of Monroe County following his jury conviction of kidnapping, robbery, and related crimes.[1] Specifically, Appellant challenges

---

\* Retired Senior Judge assigned to the Superior Court.

1. Appellant was convicted of kidnapping to facilitate a felony, 18 Pa.C.S.A. § 2901(a)(2); robbery by threat of immediate or serious injury, 18 Pa.C.S.A. § 3701(a)(1)(ii); criminal

attempt (burglary), 18 Pa.C.S.A. § 901(a); criminal conspiracy (robbery), 18 Pa.C.S.A. § 903(a)(1); criminal conspiracy (burglary), 18 Pa.C.S.A. § 903(a)(1); criminal conspiracy (robbery by threat of immediate or serious injury), 18 Pa.C.S.A. § 903(a)(1); criminal

the exclusion of his expert witness's testimony, the use of Pa.R.E. 404(b) "other crimes" evidence from a case in Luzerne County, the alleged failure of the Commonwealth to meet its discovery obligations to him, and the construction of the verdict sheet. In addition, he has filed a Motion to Accept Reply Brief of Appellant *Nunc Pro Tunc* As The Appellate Brief with this Court. Because Appellant has offered no reasonable excuse to accept his reply brief in lieu of his appellate brief, and has failed to meet his burden of demonstrating that the trial court abused its discretion, we deny his motion and affirm the judgment of sentence.

On January 27, 2003, Appellant assaulted and burglarized jewelry store owner Samuel Goosay in his Monroe County home by restraining him with flex ties and placing duct tape over his eyes. In the hour and fifteen minutes in which Appellant and Mr. Goosay were alone, Mr. Goosay was able to remove the duct tape from one eye and see Appellant, who told Mr. Goosay, "I'm not from the area anyway. You'll never recognize me. You'll never know who I am." (N.T. Trial, 7/08/09, at 29–30). Eventually, Mr. Goosay was able to obtain control of Appellant's gun and struggled with him in an attempt to overpower him. However, Appellant regained control of the gun and eventually fled. (*Id.* at 25–26).

Mr. Goosay subsequently described Appellant to the police, noting that he looked like his son-in-law, and identified him from a photo array one and a half years later.

Meanwhile, in August 2006, authorities in Luzerne County charged Appellant and a cohort with two murders in which the victims were also small business owners restrained by duct tape and flex ties. *See Commonwealth v. Weakley,* 972 A.2d 1182 (Pa.Super.2009), *appeal denied sub nom. Commonwealth v. Selenski,* 604 Pa. 696, 986 A.2d 150 (2009).

Appellant was charged in Monroe County on October 27, 2006, and proceeded to a jury trial on July 8, 2009. The trial court permitted the Commonwealth to introduce decedent testimony from the Luzerne County case for the purpose of identifying Appellant based on shoe prints left at the scene matching a style of shoe he typically wore, and to correlate the method of restraining his victims with duct tape and flex ties to previous crimes for which he was convicted. The jury convicted him of all charges, and he was sentenced to thirty two and one-half to sixty-five years' incarceration. (N.T. Sentencing, 9/21/09, at 15).

Appellant filed post-sentence motions challenging, among other things, that the trial court erred in permitting the reading of the testimony of the decedent, Michael Kerkowski, Sr., from the Luzerne County case, that the Commonwealth failed to provide discovery, and that the court incorrectly denied his 404(b) motion. After a hearing, the court denied Appellant's motions and Appellant filed this appeal.[2]

Appellant raises the following four questions for our review:

conspiracy (theft by the unlawful taking of movable property), 18 Pa.C.S.A. § 903(a)(1); theft by the unlawful taking of movable property, 18 Pa.C.S.A. § 3921(a); simple assault, 18 Pa.C.S.A. § 2701(a); false imprisonment, 18 Pa.C.S.A. § 2903(a); and two counts each of criminal conspiracy to commit simple assault, 18 Pa.C.S.A. § 903(a)(1), and communicating terroristic threats with the intent to terrorize another, 18 Pa.C.S.A. § 2706(a)(1).

2. Appellant's notice of appeal was filed on February 1, 2010, before the trial court denied his post-sentence motions on February 5, 2010. Although Appellant's appeal is premature, we shall deem it timely pursuant to Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.").

I. DOES THE CONSTITUTIONAL RIGHT TO PRESENT A DEFENSE INCLUDE THE RIGHT TO OFFER PROVEN SCIENCE BEARING ON THE UNDERSTANDING OF HUMAN MEMORY AND PERCEPTION IN THE IDENTIFICATION PROCESS, WHERE THOSE ADVANCES ARE UNKNOWN TO LAYPERSONS?

II. DID THE TRIAL COURT FAIL TO WEIGH PREJUDICE AGAINST PROBATIVE VALUE IN ALLOWING THE 404(b) EVIDENCE FROM LUZERNE COUNTY?

III DID THE TRIAL COURT FAIL TO RECOGNIZE THAT THE PROSECUTION HAD NOT FULFILLED ITS DISCOVERY OBLIGATION?

IV DID THE TRIAL COURT FAIL TO RECOGNIZE THAT THE VERDICT SLIP FORMAT SHOULD CONFORM TO THE PRESUMPTION OF INNOCENCE IN ORDER TO PROTECT IT?

(Appellant's Brief, at 6).

 Appellant first argues that, in precluding expert witness testimony on the subject of human memory and perception as it relates to the identification process, the trial court violated his constitutionally guaranteed right to present a defense and introduce evidence on his own behalf. Appellant claims that, because Mr. Goosay's vision was impaired by duct tape during the crime and because he did not make a police station identification until a year and a half had passed, the testimony of an expert witness on the subject of human memory is necessary to inform the jury of scientific advances that would assist them as fact-finders in appropriately weighing Mr. Goosay's testimony. We disagree.

 Our standard of review for a question of the admission of expert testimony is well-settled.

The determination of whether a witness is qualified to offer an expert opinion on a particular subject is a matter addressed to the sound discretion of the trial court, and its discretion will not be reversed absent a clear abuse of discretion.

*Commonwealth v. McCloy*, 393 Pa.Super. 217, 574 A.2d 86, 88 (1990) (citations omitted), appeal denied, 527 Pa. 585, 588 A.2d 508 (1991). An abuse of discretion has been defined as "the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence or the record." *Commonwealth v. Viera*, 442 Pa.Super. 348, 659 A.2d 1024, 1028 (1995) (citation omitted), *appeal denied*, 543 Pa. 713, 672 A.2d 307 (1996).

 "[A]n expert may not testify as to the credibility of a witness's testimony," *Commonwealth v. D.J.A.*, 800 A.2d 965, 974 (Pa.Super.2002), *appeal denied*, 800 A.2d 965 (Pa.2002), *and reargument denied*, 598 Pa. 786, 959 A.2d 928 (2004), as it would "intrude upon the jury's basic function of deciding credibility," *Commonwealth v. Spence*, 534 Pa. 233, 627 A.2d 1176, 1182 (1993). Specifically, this Court has repeatedly held that expert testimony on perception and witness credibility is not admissible in this Commonwealth. *Commonwealth v. Robinson*, 5 A.3d 339, 342 (Pa.Super.2010) (citing cases).

Although Appellant argues that expert testimony about advances in the science of perception and memory in the last ten to fifteen years was crucial for the jury fully to understand and weigh the credibility of Mr. Goosay's identification, (Appellant's Brief, at 14), he fails to identify an abuse of discretion by the court in adhering to established case law and properly reserving credibility determinations to the fact-finder alone. Furthermore, we note that as recently as last year in *Robinson, supra* this Court reaffirmed the long-standing

principle guarding the jury's function of deciding credibility by prohibiting expert testimony on the reliability of eyewitness identifications. *See Robinson, supra* at 342–44. Therefore, Appellant's first issue does not merit relief.

■ Appellant next argues that the trial court failed to weigh potential prejudice against the probative value of allowing 404(b) evidence of other crimes from Appellant's case in Luzerne County. (Appellant's Brief, at 29). Specifically, Appellant asserts that crimes committed in Luzerne County are too "geographically distant," and the use of duct tape and zip ties is too "ubiquitous" to have probative value greater than any prejudicial effect on the jury. (*Id.* at 29–30). We disagree.

Our standard of review of evidentiary rulings is well-settled:

On appeals challenging an evidentiary ruling of the trial court, our standard of review is limited. A trial court's decision will not be reversed absent a clear abuse of discretion.

*Commonwealth v. Aikens,* 990 A.2d 1181, 1184 (Pa.Super.2010) (citations omitted), *appeal denied,* 4 A.3d 157 (Pa.2010).

■ In general, evidence that a defendant has committed other crimes, wrongs, or acts is inadmissible to prove action in conformity therewith. *See* Pa.R.E. 404(b)(1). Such evidence is admissible, however, when offered for purposes "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident" where the "probative value of the evidence outweighs its potential for prejudice." *Id.* at 404(b)(2), (3). "Whether relevant evidence is unduly prejudicial is a function in part of the degree to which it is necessary to prove the case of the opposing party." *Commonwealth v. O'Brien,* 836 A.2d 966, 972 (Pa.Super.2003), *appeal denied,* 577 Pa. 695, 845 A.2d 817 (2004) (citations omitted) (holding that "strikingly similar" sexual assaults were admissible as evidence under Pa.R.E. 404(b) despite occurring almost twenty years before current charges).

In the instant case, the trial court expressly adopted this Court's reasoning in *Weakley, supra,* to determine that it was appropriate to admit evidence from Luzerne County in prosecuting Appellant for Mr. Goosay's attack in Monroe County. (Trial Court Opinion, 5/04/10, at 4). In *Weakley,* after listing the factual similarities between the Luzerne County and Monroe County attacks, this Court noted:

The twelve purported similarities posited by the Commonwealth ... describe[ ] a crime so distinctive in method and so similar to the charged crime that proof appellees committed one tends to prove they committed the other. The evidence thus goes beyond showing mere conformity with a propensity to commit a class of crime, *to wit,* violent robbery—a purpose prohibited under Pa.R.E. 404(b)(2). Instead, the evidence shows identity—a purpose permitted under Pa. R.E. 404(b)(3)—through selection of a particular class of victim and use of idiosyncratic methods to carry out the crimes. The probative value of this strong identity evidence, moreover, outweighs its presumed potential for prejudice.

*Weakley, supra* at 1187–88.

Here, Appellant argues that the zip ties and duct tape are too common to relate the crimes committed against Mr. Goosay to the murders in Luzerne County, and that drawing such connections is more prejudicial to the Appellant than probative of any information for the fact-finder. However, *Weakley, supra* holds that even the common items of duct tape and zip ties are admissible under 404(b)(3) because their specific use as part of a plan of targeting of small business owners in their homes is

strongly probative of a common identity to the crimes. *Id.* Accordingly, the trial court did not abuse its discretion in permitting evidence showing identity pursuant to Pa.R.E. 404(b)(3). *See id.*; *see also O'Brien, supra* at 972. Appellant's second issue merits no relief.

■ The third issue raised by Appellant is that the prosecution withheld exculpatory evidence affecting the credibility of key prosecution witnesses. *(See* Appellant's Brief, at 32). However, "[i]n an appellate brief, parties must provide an argument as to each question, which should include a discussion and citation of pertinent authorities." *Commonwealth v. B.D.G.*, 959 A.2d 362, 371 (Pa.Super.2008) (discussing Pa. R.A.P. 2119). Appellant's brief utterly fails to develop this argument or cite any legal authority. *(See* Appellant's Brief, at 32). Appellant merely claims that the Commonwealth withheld exculpatory evidence with no supporting argument or authority whatsoever. Accordingly, this issue is waived. Pa.R.A.P. 2119(a), (b).

■ In connection with our review of Appellant's third question, we also note that on July 9, 2010, Appellant filed a Motion to Extend the Time to file a brief with this Court, then timely filed his appellate brief on July 12, 2010, after which this Court denied his motion *per curiam* as moot because of the timely brief submission. (Order, 8/03/10). Subsequently, Appellant filed a "Motion to Accept Reply Brief of Appellant *Nunc Pro Tunc* As The Appellate Brief" with this Court on January 12, 2011, arguing that, because of "peculiar tactics employed by Luzerne County Authorities in interfering with this Monroe County case,"[3] his "weak" first brief was submitted in order to respect this Court's filing deadlines and should be replaced,

*nunc pro tunc*, with his reply brief. (Motion to Accept Reply Brief, at 1–2).

Appellant offers no reasonable excuse for the "weak" quality of his first brief. Therefore, this motion is denied. Moreover, Appellant's arguments on this issue would fail on their merits. Appellant argues in his reply brief that the prosecution withheld crucial exculpatory evidence from the Luzerne County prosecution's discovery in the form of inconsistent testimony by witness Christina (Tina) Strom and interviews with now-deceased witness Michael Kerkowski, Sr. which were purportedly inconsistent with his trial testimony. (Appellant's Reply Brief, at 34–35). Appellant also argues that the prosecution failed to provide him with complete copies of transcripts and interviews. (*Id.*). Further, Appellant argues that these transcripts and interviews are exculpatory because they would alter the jury's judgment of the credibility of crucial prosecution witnesses, and that the trial court committed error by permitting the prosecution to state that it did not have or want the discovery from Luzerne County, thereby withholding this information from him. (*Id.* at 35–36).

Under the Pennsylvania Rules of Evidence, "the prosecution shall provide reasonable notice . . . of the general nature of any such evidence it intends to introduce at trial." Pa.R.E. 404(b)(4). Furthermore, under the Pennsylvania Rules of Criminal Procedure, the prosecution has a continuing duty to "promptly notify" the Appellant of any "additional evidence or material previously requested . . . which is subject to discovery or inspection." Pa. R.Crim.P. 573(D).

Here, the trial court correctly notes that under both the Rules of Evidence and the

---

**3.** Appellant's vague argument apparently refers to an independent investigatory action against a paralegal, which is not before this

Court. *(See* Motion to Accept Reply Brief, Exhibit 1).

Rules of Criminal Procedure, the prosecution's discovery duty towards the Appellant is to provide notice of any discovered evidence, and that Appellant incorrectly "asks this [c]ourt to adopt a requirement that the actual discovery of such evidence be given in order for the evidence to be admissible." (Trial Ct. Op., at 10). At trial, Appellant's counsel admitted at a sidebar that he was given notice of the evidence relating to Tina Strom, and the court determined that he had sufficient time to review it. (N.T. Trial, 7/08/09, at 157–58, 202–15). In addition, the trial court found that the discovery being sought by Appellant regarding Michael Kerkowski, Sr. was never in the possession or control of the Commonwealth's prosecutors for this case. (Trial Ct. Op., at 20).

Furthermore, Appellant had a full and fair opportunity to cross-examine witness Tina Strom at trial, during which he had the chance to impeach the credibility of her testimony. (*See* N.T. Trial, 7/08/09, at 143–64, 170–71). Therefore, even if Appellant had not waived these discovery issues for failure to brief them in a timely manner, they would not merit relief.

Finally, in his fourth question, Appellant argues that the trial court erred in giving the jury a verdict sheet which was formatted with the "guilty" column first. Appellant claims that he is entitled to a presumption of innocence and that this formatting "imprints into the minds of the jurors that the defendant must overcome a presumption of 'guilt' rather than the prosecution proving guilt beyond a reasonable doubt." (Appellant's Brief, at 32). He speculates that order is important based on "human experience," citing election ballot positions, without further pertinent discussion. (*Id.* at 33). However, Appellant fails to develop an argument or cite to any authority to support this assertion of error, thereby waiving the issue. *See* Pa.R.A.P. 2119(a), (b).

Moreover, the trial court instructed the jury on the presumption of innocence and the Commonwealth's burden of proof, following the language of Pennsylvania Standard Jury Instruction (Criminal) 7.01. *(See* N.T. Trial, 7/10/09, at 2–4). The Commonwealth notes that "there are no rules of evidence regarding how a verdict slip should appear," and that the jury was given the standard Monroe County verdict slip. (Commonwealth's Brief, at 19). Appellant fails to identify the manner in which the jury instructions or verdict slip undermined his presumption of innocence or were an abuse of the court's discretion. Therefore, even if Appellant had not waived the issue, his argument is without merit.

Motion denied. Judgment of sentence affirmed.