J-A09030-15

2015 PA Super 126

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
        Appellee :
:
        v. :
:
HUGO MARCUS SELENSKI, :
:
        Appellant : No. 352 EDA 2010

Appeal from the Judgment of Sentence September 21, 2009,
Court of Common Pleas, Monroe County,
Criminal Division at No. CP-45-CR-0001225-2006

BEFORE:  BOWES, DONOHUE and STABILE, JJ.

OPINION BY DONOHUE, J.: **FILED MAY 27, 2015**

Appellant, Hugo Marcus Selenski ("Selenski"), appeals from the judgment of sentence entered by the Court of Common Pleas, Monroe County, on September 21, 2009.  This case returns to this Court on remand from the Pennsylvania Supreme Court.  For the reasons that follow, we remand this case to the trial court.

A summary of the relevant facts and procedural history is as follows. On January 27, 2003, Samuel Goosay ("Goosay"), a jewelry store owner, was assaulted and burglarized in his home by two masked individuals. Goosay was restrained with flex ties and had duct tape placed over his eyes. At one point, Goosay was able to remove the duct tape from one of his eyes, and saw the face of one of the individuals.  After informing police of the incident, Goosay reviewed two photo arrays that included Selenski's

photograph. Goosay was unable to identify Selenski at that time. In January 2005, however, Goosay reviewed another photo array and identified Selenski.

On October 27, 2006, Selenski was charged with one count of each of the following: kidnapping to facilitate a felony, 18 Pa.C.S.A. § 2901(a)(2); robbery – threat of immediate or serious injury, 18 Pa.C.S.A. § 3701(a)(1)(ii); criminal attempt – burglary, 18 Pa.C.S.A. § 901(a), 18 Pa.C.S.A. § 3502(a); criminal conspiracy engaging – robbery, 18 Pa.C.S.A. § 903(a)(1), 18 Pa.C.S.A. § 3701(a)(2); criminal conspiracy engaging – burglary, 18 Pa.C.S.A. § 903(a)(1), 18 Pa.C.S.A. § 3502(a); theft by unlawful taking – movable property, 18 Pa.C.S.A. § 3921(a); criminal conspiracy engaging – theft by unlawful taking – movable property, 18 Pa.C.S.A. § 903(a)(1), 18 Pa.C.S.A. § 3921(a); simple assault, 18 Pa.C.S.A. § 2701(a); and false imprisonment, 18 Pa.C.S.A. § 2903(a). Selenski was also charged with two counts of each of the following: terroristic threats with intent to terrorize another, 18 Pa.C.S.A. § 2706(a)(1); criminal conspiracy engaging – simple assault, 18 Pa.C.S.A. § 903(a)(1), 18 Pa.C.S.A. § 2701(a); and criminal conspiracy engaging – robbery – threat of immediate or serious injury, 18 Pa.C.S.A. § 903(a)(1), 18 Pa.C.S.A. § 3701(a)(1)(ii).[1]

---

[1] In August 2006, the Commonwealth also charged Selenski and another individual with two murders in a nearby county. The victims in that case were also small business owners restrained by flex ties and duct tape. *See Commonwealth v. Selenski*, 986 A.2d 150 (Pa. 2009).

On June 22, 2007, prior to trial being scheduled, Selenski filed a motion in limine seeking to admit "expert testimony from Dr. Solomon Fulero [("Dr. Fulero")], a leading expert on human memory, concerning the psychological factors that influence the accuracy of eyewitness identifications[.]" Selenski's Motion in Limine, 6/22/07, at 1-2. The trial court denied Selenski's motion on June 25, 2007.

On July 3, 2007, Selenski filed a motion for reconsideration and a memorandum in support of the motion. The trial court denied the motion on July 5, 2007. Selenski thereafter filed a notice of appeal to this Court on July 26, 2007. On August 7, 2008, a panel of this Court quashed Selenski's appeal as interlocutory. Our Supreme Court denied Selenski's petition for allowance of appeal on March 11, 2009.

A jury trial commenced on July 8, 2009. On July 10, 2009, at the conclusion of trial, the jury found Selenski guilty of all charges. The trial court sentenced Selenski on September 21, 2009 to an aggregate term of thirty-two and one-half years to sixty-five years of incarceration.

Following the denial of his post-sentence motions, Selenski filed a timely notice of appeal to this Court on February 1, 2010, raising four issues for review. On April 20, 2011, a panel of this Court affirmed Selenski's judgment of sentence. In its published Opinion, the panel held, in relevant part, that Selenski's claim that the trial court violated his constitutional right to present a defense by "precluding expert testimony on the subject of

human memory and perception as it relates to the identification process" did not merit relief. **Commonwealth v. Selenski**, 18 A.3d 1229, 1232-33 (Pa. Super. 2011). In reaching its decision on this issue, the panel concluded that Selenski failed to identify an abuse of discretion as the trial court adhered to established case law, noting "the long-standing principle guarding the jury's function of deciding credibility by prohibiting expert testimony on the reliability of eyewitness identifications." **Id.**

On May 20, 2011, Selenski filed a petition for allowance of appeal to the Pennsylvania Supreme Court. On August 29, 2014, our Supreme Court vacated this Court's decision, granted Selenski's petition limited to the question concerning the trial court's exclusion of the aforementioned expert testimony, and remanded the case to this Court for consideration of Selenski's claim in light of **Commonwealth v. Walker**, 92 A.3d 766 (Pa. 2014). **See Commonwealth v. Selenski**, 100 A.3d 206 (Pa. 2014). On remand, we are asked to address the following issue:

> Does the constitutional right to present a defense include the right to offer proven science bearing on the understanding of human memory and perception, and police practices in the identification process, where those advances are unknown to laypersons?

Selenski's Brief at 6.

For over twenty years, Pennsylvania case law placed a per se ban on expert testimony regarding the reliability of eyewitness identification,

holding that such testimony would "intrude upon the jury's basic function of deciding credibility." *See Commonwealth v. Spence*, 627 A.2d 1176, 1182 (Pa. 1993); *Commonwealth v. Simmons*, 662 A.2d 621, 631 (Pa. 1995). Recently, our Supreme Court in *Walker* reversed course, holding that "the admission of expert testimony regarding eyewitness identification is no longer *per se* impermissible in our Commonwealth[.]" *See Walker*, 92 A.3d at 792-93. In so doing, the *Walker* Court joined the trend among state and federal courts to permit testimony regarding the fallibility of eyewitness identification in light of "advances in scientific study … that eyewitnesses are apt to erroneously identify a person as the perpetrator of a crime when certain factors are present." *Id.* at 782-83.

The Supreme Court indicated that "such expert testimony would be limited to certain cases[,]" and trial courts must exercise their traditional role in determining the admissibility of expert testimony, including pursuant to Rules 401, 403, and 702 of the Pennsylvania Rules of Evidence. *Id.* at 787, 789-91. In particular, the *Walker* Court explained:

> We now allow for the possibility that such expert testimony on the limited issue of eyewitness identification as raised in this appeal may be admissible, at the discretion of the trial court, and assuming the expert is qualified, the proffered testimony relevant, and will assist the trier of fact. Of course, the question of the admission of expert testimony turns not only on the state of the science proffered and its relevance in a particular case, but on whether the testimony will assist the jury. Trial courts will exercise their traditional role in using their

discretion to weigh the admissibility of such expert testimony on a case-by-case basis. It will be up to the trial court to determine when such expert testimony is appropriate. If the trial court finds that the testimony satisfies **Frye**,[2] the inquiry does not end. The admission must be properly tailored to whether the testimony will focus on particular characteristics of the identification at issue and explain how those characteristics call into question the reliability of the identification. We find the defendant must make an on-the-record detailed proffer to the court, including an explanation of precisely how the expert's testimony is relevant to the eyewitness identifications under consideration and how it will assist the jury in its evaluation. The proof should establish the presence of factors (e.g., stress or differences in race, as between the eyewitness and the defendant) which may be shown to impair the accuracy of eyewitness identification in aspects which are (or to a degree which is) beyond the common understanding of laypersons.

*Id*. at 792 (footnote added).

In the present case, the trial court excluded the proposed expert testimony based upon the then-existing per se ban against its introduction in all cases, and not based upon the above-described analysis set forth by the **Walker** Court. Accordingly, we remand this case to the trial court so that it may perform its traditional gatekeeper function with regard to the proposed expert testimony by Dr. Fulero. These decisions are in the first instance left

---

[2] The **Frye** test is an evidentiary test, which is used "when a party wishes to introduce novel scientific evidence obtained from the conclusions of an expert scientific witness." **Frye v. United States**, 293 F. 1013 (D.C. Cir. 1923); **see Commonwealth v. Harrell**, 65 A.3d 420, 429 (Pa. Super. 2013).

solely to the sound discretion and province of the trial court, and we decline the invitation of the parties to bypass the trial court in this case.

Case remanded to the trial court for proceedings consistent with this Opinion.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/27/2015