J-S02002-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARQUIS JACKSON | |
| Appellant | No. 1292 EDA 2013 |

Appeal from the Judgment of Sentence April 11, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007141-2011

BEFORE: MUNDY, J., OLSON, J., and WECHT, J.

MEMORANDUM BY MUNDY, J.: **FILED MAY 29, 2015**

Appellant, Marquis Jackson, appeals from the April 11, 2013 aggregate judgment of sentence of 18 to 36 years' imprisonment, imposed after being found guilty by a jury of attempted murder, aggravated assault, possessing an instrument of crime, carrying a firearm on public streets in Philadelphia, simple assault, and recklessly endangering another person.[1] After careful review, we affirm.

The trial court summarized the relevant factual and procedural history of this case as follows.

> The Commonwealth presented evidence that Appellant shot the complainant, Mr. Donzel Murril, multiple times at close range. The complainant

_____

[1] 18 Pa.C.S.A. §§ 901, 2702, 907, 6108, 2701, and 2705, respectively.

testified that on May 31, 2011, at approximately 9:40 p.m., he was sitting in a parked vehicle with his girlfriend near the 7400 block of Edmund Street, Philadelphia. The complainant was sitting in the driver's seat and his girlfriend, Verdell Goodman, was positioned in the passenger seat. The complainant observed Appellant emerge from an alleyway and walk to a nearby corner. Street lights illuminated the area and Appellant was not wearing clothing around his head or face. Appellant then walked to the driver's side of the complainant's vehicle, holding a firearm in his hand. The complainant verbally greeted the Appellant, whom he knew for five or six years. Appellant then discharged his firearm multiple times, striking the complainant in the leg, back and elbow. The complainant then started his vehicle and drove briefly before stopping to permit Ms. Goodman to assume control. Ms. Goodman transported the complainant to the hospital for medical treatment. When presented with a photo-array at the hospital, the complainant immediately identified Appellant.

Ms. Goodman also testified to the circumstances surrounding the shooting, providing a substantially similar account as the complainant. Ms. Goodman initially observed the shooter, whom she identified in court as Appellant, emerge from a nearby driveway and walk to a street corner. After peeping around the corner, Appellant walked back in the direction of their vehicle. A street light activated at that point in time and Ms. Goodman observed Appellant holding a gun, his arm extended downward. Appellant approached the driver's side of the vehicle prompting the complainant to greet him and identify himself. Appellant responded to the verbal identification by raising the gun and discharging it toward the vehicle from a distance of approximately twenty-five to thirty feet. The complainant then complied with Ms. Goodman's demand to drive away. Ms. Goodman assumed control of the vehicle shortly thereafter. Ms. Goodman subsequently made a photo-array identification of Appellant. Before viewing the photo-

array, Ms. Goodman initially misidentified an individual shown to her approximately forty-five minutes after the shooting as looking like the shooter.

The Commonwealth also presented evidence relating to the intimidation of witnesses. The complainant's mother, Ms. Dolly Evans testified that she was approached by two individuals on June 30, 2011 at a store located at Loring and Torresdale Avenue, Philadelphia. Ms. Evans recognized one of the individuals and knew him as "Rob." After a brief verbal exchange, the second individual struck Ms. Evans on the jaw, stating "take this message to your son." The two individuals immediately entered their vehicle and left the area. The complainant testified that he was also approached by Rob on the same date at the same location. The complainant knew Rob as a local resident and frequently observed him in Appellant's company. The complainant further characterized Rob as Appellant's "right-hand man." Rob inquired "why you go to court on my young boy?" and followed up, stating "suppose I come and shoot your house up."

Trial Court Opinion, 12/18/13, at 1-3 (citations to notes of testimony omitted).

On June 1, 2011, Appellant was charged with the aforementioned offenses.[2] Appellant was arrested the following day. On March 29, 2012, the Commonwealth filed a motion to consolidate Appellant's trial with that of Demaris Robinson, who was charged with witness intimidation against the complainant in the instant matter. Commonwealth's Motion for

_____

[2] Appellant was also charged with one count of firearms not to be carried without a license which was *nolle prossed*. **See generally** 18 Pa.C.S.A. § 6106(a)(1).

Consolidation, 3/29/12, at 2 (unnumbered). On May 2, 2012, the Commonwealth's motion was granted.

Following a four-day trial commencing on January 14, 2013, Appellant was found guilty on January 17, 2013 of the aforementioned crimes. On April 11, 2013, Appellant was sentenced to an aggregate term of 18 to 36 years' imprisonment. Thereafter, on April 16, 2013, Appellant filed a timely post-sentence motion, asserting the verdict was against the weight of the evidence and that the trial court imposed an excessive sentence. Appellant's Post-Sentence Motion, 4/16/13, at 1-3. On April 29, 2013, the trial court denied Appellant's motion without a hearing. That same day, Appellant filed a timely notice of appeal.

On August 16, 2013, the trial court ordered Appellant to file, within 21 days, a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). On September 7, 2013, Appellant complied, *albeit*, untimely.[3] On December 18, 2013, the trial court filed its Rule 1925(a) opinion.

_____

[3] We note that September 7, 2013 was a Saturday. Curiously, said document is stamped "Filed 09/07/2013 09:35:29 PM Post Trial Unit." Nevertheless, Appellant's Rule 1925(b) statement was due the prior day on September 6, 2013, therefore, Appellant's Rule 1925(b) statement was filed one day late. We note that the untimely filing of a concise statement on direct appeal is the equivalent of a complete failure to file, which constitutes *per se* ineffective assistance of counsel. **Commonwealth v. Burton**, 973 A.2d 428, 432-433 (Pa. Super. 2009) (*en banc*). Generally, such failure would compel remand. **See** Pa.R.A.P. 1925(c)(3) (requiring remand for
*(Footnote Continued Next Page)*

On appeal, Appellant raises the following issues for our review.

> 1. Whether the trial court committed error first by granting a motion for consolidation, and second by proceeding to admit evidence against Appellant of [the] Commonwealth's motion to consolidate an unrelated victim intimidation case initially creating a co-defendant matter with Appellant's current case when the case involved a totally different defendant, victim, incident and facts, and where the co-defendant was no longer facing trial because he entered a guilty plea before trial?
>
> 2. Whether the evidence at trial was sufficient to sustain the charges of Attempted Murder, Aggravated Assault, Simple Assault, VUFA § 6108, Possessing an Instrument of Crime, and REAP?

Appellant's Brief at 5.

In his first issue, Appellant argues the trial court erred by granting a motion to consolidate his trial with that of Robinson, and further by ruling to admit evidence that Robinson approached the complainant for the purpose of intimidating him to not attend Appellant's preliminary hearing. *Id.* at 10-12.

We first address Appellant's contention that the trial court erred in granting the Commonwealth's motion to consolidate his trial with Robinson's. In his brief, Appellant concedes that Robinson pled guilty before trial;

*(Footnote Continued)* ──────────

filing of a concise statement *nunc pro tunc* in instances of counsel's *per se* ineffectiveness). However where, as here, the late filing did not prevent the trial court from addressing the merits of Appellant's issues in its 1925(a) opinion, this Court may decide the appeal on the merits. **Commonwealth v. Thompson**, 39 A.3d 335, 340 (Pa. Super. 2012), *citing* **Burton**, **supra**.

therefore there was no joint trial. *Id.* at 11. The trial court concluded that Appellant's issue is moot based on Robinson's decision to plead guilty. We agree.

> Appellant claims that the trial court erroneously granted [the] Commonwealth's motion to consolidate a victim intimidation case with his. The legality of the [trial] court's decision to consolidate notwithstanding, Appellant's challenge is moot as the co-defendant entered into a negotiated guilty plea prior to trial and Appellant was tried alone. Furthermore, the fact of co-defendant's entrance into a guilty plea was not presented to the jury at Appellant's trial. Appellant's claim therefore does not warrant relief.

Trial Court Opinion, 12/18/13, at 10-11 (footnote omitted).

Accordingly, we only need to address Appellant's claim that the trial court erred in denying Appellant's pretrial motion to exclude the intimidation testimony attributed to Robinson. Appellant's Brief at 11. Specifically, Appellant argues the trial court erred in ruling that even after Robinson pled guilty "it would still admit testimony regarding the intimidation of the [c]omplainant." *Id.* Additionally, Appellant argues that critical to this case is the fact that he was in custody at the time of Robinson's arrest, and there was no evidence connecting him to the intimidation offense. *Id.* at 11-12.

In reviewing a trial court's ruling on the admissibility of evidence, our standard of review is one of deference. *Commonwealth v. Selenski*, 18 A.3d 1229, 1232 (Pa. Super. 2011), *vacated in part on other grounds*, 92 A.3d 766 (Pa. 2014). Questions concerning the admissibility of evidence are

within "the sound discretion of the trial court, and its discretion will not be reversed absent a clear abuse of discretion." *Id.* (citation omitted). "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." *Commonwealth v. Harris*, 884 A.2d 920, 924 (Pa. Super. 2005) (internal citations and quotation marks omitted), *appeal denied*, 928 A.2d 1289 (Pa. 2007). Furthermore, "if in reaching a conclusion the trial court over-rides [sic] or misapplies the law, discretion is then abused and it is the duty of the appellate court to correct the error." *Commonwealth v. Weakley*, 972 A.2d 1182, 1188 (Pa. Super. 2009) (citation omitted), *appeal denied*, 986 A.2d 150 (Pa. 2009).

Instantly, Appellant does not point to a specific place in the trial where the evidence of Robinson's intimidation of the complainant was admitted into evidence. At no point in Appellant's brief does he direct this Court to the specific evidence he claims was admitted in error. Rather, his argument generally alleges that the trial court's determination that the intimidation evidence was admissible was in error. Absent specific citations to the record we cannot review Appellant's claim. *See* Pa.R.A.P. 2119(c) (stating, "[i]f reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the record, the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the

place in the record where the matter referred to appears[]"). Accordingly, Appellant's first issue is waived.

In Appellant's second issue, he avers the evidence at trial was insufficient to sustain all six charges. Appellant's Brief at 15-17. However, before addressing the merits of Appellant's claim, we must determine whether Appellant has preserved his issues for appellate review.

By its text, Rule 1925(b) requires that concise statements "identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii); *see also Commonwealth v. Reeves*, 907 A.2d 1, 2 (Pa. Super. 2006) (stating "[w]hen a court has to guess what issues an appellant is appealing, that is not enough for meaningful review[]"), *appeal denied*, 919 A.2d 956 (Pa. 2007). Any issues not raised in accordance with Rule 1925(b)(4) will be deemed waived. Pa.R.A.P. 1925(b)(4)(vii). Our Supreme Court has made clear that Rule 1925(b) is a bright-line rule. *Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011). Additionally, with regard to claims pertaining to the sufficiency of the Commonwealth's evidence, we have stated as follows.

> In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient. **Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt.**

***Commonwealth v. Garland***, 63 A.3d 339, 344 (Pa. Super. 2013) (internal quotation marks and citations omitted; emphasis added).

Appellant's Rule 1925(b) statement baldy asserts, "whether the evidence at trial was sufficient to sustain the charges of attempted murder, aggravated assault, simple assault, VUFA § 6106, possessing an instrument of a crime, and REAP?" Appellant's Rule 1925(b) Statement, 9/7/13, at 1 (capitalization corrected). Appellant fails to specify which elements of which crimes he is challenging. Accordingly, we agree with the trial court that Appellant's issue is waived for failure to sufficiently raise it in his Rule 1925(b) statement. ***See*** Trial Court Opinion, 12/18/13, at 3 (finding waiver on the basis that "Appellant completely failed to indicate which element(s) he is challenging[]"); ***see Garland***, ***supra***.

Based on the foregoing, we conclude that both of Appellant's issues are devoid of merit or waived. Accordingly, the trial court's April 11, 2013 judgment of sentence is affirmed.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/29/2015

- 9 -