J-S57006-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PRESTON STROMAN | |
| Appellant | No. 1842 EDA 2013 |

Appeal from the Judgment of Sentence May 14, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000561-2012

BEFORE:  MUNDY, J., OTT, J., and STABILE, J.

MEMORANDUM BY MUNDY, J.:                    **FILED OCTOBER 21, 2015**

Appellant, Preston Stroman, appeals from the May 14, 2013 judgment of sentence of one year's probation imposed after being convicted by a jury of possession of a controlled substance and possession of marijuana.[1]  After careful review, we affirm.

The trial court has summarized the relevant factual and procedural history as follows.

> On October 15, 2011, Officer Darnell Jessie ("Officer Jessie") and his partner, Officer Millick, were on routine patrol in the area of 66th and Lebanon Streets, Philadelphia, Pennsylvania.  Officer Jessie observed a red Ford Taurus, PA tag HHD 998, failing to signal while making a right turn, in violation of Motor Vehicle Code 334-B.  Officer Jessie initiated

_____

[1] 35 Pa.C.S.A. §§ 780-113(a)(16), and 780-113(a)(30), respectively.

an investigative stop. The Ford was occupied by three individuals – a female driver, a female front-seat passenger and a male rear-seat passenger. At trial, Officer Jessie identified [Appellant] as the rear-seat passenger.

As Officer Jessie was approaching the Ford, he observed [Appellant] quickly move his upper torso to the right and down toward the floor of the Ford. As Officer Jessie was asking the driver for her paperwork, he got a signal from Officer Millick. Officer Millick then came around to the driver's side of the Ford and [Appellant] was removed from the Ford. At that time, Officer Jessie observed a clear plastic bag in the area where [Appellant] was sitting. The bag contained a brown handled cigar/cigarette and blue pills. Officer Jessie recognized these items as Marijuana and Xanax, respectively. The bag was located on the left rear floor of the Ford, next to [Appellant]'s right foot.

[Appellant] was taken into custody for possession of a controlled substance. When questioned about the items recovered from the Ford, [Appellant] stated that he had a prescription for the Xanax, but he was unable to produce one. [Appellant] also stated that the bag containing the drugs was his. The items recovered from the Ford were placed on a property receipt. A seizure analysis corresponding to the property receipt revealed that item one tested positive for the presence of Marijuana and item two tested positive for the presence of Alprozolam, also known as Xanax.

…

On October 15, 2011, [Appellant] was arrested and charged with possession of a controlled substance [and possession of marijuana]. On May 14, 2013, the matter proceeded to a trial. [Appellant] requested and was granted a waiver of a jury trial. Thereafter, the Commonwealth presented the testimony of Officer Jessie and the seizure

analysis relative to the items recovered from the Ford. [Appellant] presented the testimony of Ms. McCray and the 75-49 for the case. Based upon the testimony and the evidence presented, [on May 14, 2013,] the [t]rial [c]ourt found [Appellant] guilty of the crime of possession [of a controlled substance and possession of marijuana] and sentenced [Appellant] to one year of reporting probation.[2]

Trial Court Opinion, 3/20/15, at 1-3 (footnotes omitted).

Appellant did not file a post-sentence motion. On June 12, 2013, Appellant filed a timely notice of appeal. Thereafter, on June 27, 2013, the trial court ordered Appellant to file, within 30 days, a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). It was not until July 29, 2014, that Appellant filed his Rule 1925(b) statement.[3]

---

[2] Appellant was sentenced to one year's probation on the possession of a controlled substance charge, and no further penalty was imposed for the possession of marijuana charge. Sentencing Order, 5/14/13.

[3] We note that, ordinarily, the failure to file a timely court-ordered 1925(b) statement results in a waiver of all issues on appeal. **See** Pa.R.A.P. 1925(b)(4)(vii); **Commonwealth v. Hill**, 16 A.3d 484, 494 (Pa. 2011) (explaining Rule 1925(b) is a bright-line rule). However, "[t]he complete failure to file the [Rule] 1925 concise statement is *per se* ineffectiveness because it is without reasonable basis designed to effectuate the client's interest and waives all issues on appeal." **Commonwealth v. Thompson**, 39 A.3d 335, 339 (Pa. Super. 2012), *quoting* **Commonwealth v. Burton**, 973 A.2d 428, 432 (Pa. Super. 2009) (*en banc*); **see also generally Commonwealth v. Scott**, 952 A.2d 1190, 1192 (Pa. Super. 2008). In such circumstances, Rule 1925(c)(3) directs us to remand for the filing of a Rule 1925(b) statement *nunc pro tunc* and for the preparation of an opinion by the trial court. Pa.R.A.P. 1925(c)(3). Instantly, however, Appellant's July 29, 2014 statement, although untimely filed, cures the defect that would be
*(Footnote Continued Next Page)*

On appeal, Appellant raises the following issue for our review.

> Whether the [trial] court erred in finding that the evidence was sufficient to convict … Appellant of simple possession of a controlled dangerous substance based upon the words of … Appellant alone, without other evidence independent of … Appellant's words, in violation of the corpus delicti rule[?]

Appellant's Brief at 4.

We begin by noting our well-settled standard of review. "In reviewing the sufficiency of the evidence, we consider whether the evidence presented at trial, and all reasonable inferences drawn therefrom, viewed in a light most favorable to the Commonwealth as the verdict winner, support the jury's verdict beyond a reasonable doubt." *Commonwealth v. Patterson*, 91 A.3d 55, 66 (Pa. 2014) (citation omitted), *cert. denied*, *Patterson v. Pennsylvania*, 135 S. Ct. 1400 (2015). "The Commonwealth can meet its burden by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances." *Commonwealth v. Watley*, 81 A.3d 108, 113 (Pa. Super. 2013) (*en banc*) (internal quotation marks and

*(Footnote Continued)* ───────────────────

rectified by a remand pursuant to Rule 1925(c)(3). Further, the trial court did not file its Rule 1925(a) opinion until after the filing of the untimely Rule 1925(b) statement. Therefore, the trial court had the opportunity to address Appellant's issues on appeal. Accordingly, we are not precluded from reviewing Appellant's sole issue he advances on appeal as it was included in his Rule 1925(b) statement.

citation omitted), *appeal denied*, 95 A.3d 277 (Pa. 2014). As an appellate court, we must review "the entire record … and all evidence actually received[.]" *Id.* (internal quotation marks and citation omitted). "[T]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." *Commonwealth v. Orie*, 88 A.3d 983, 1014 (Pa. Super. 2014) (citation omitted), *appeal denied*, 99 A.3d 925 (Pa. 2014). "Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Diamond*, 83 A.3d 119, 126 (Pa. 2013) (citation omitted), *cert. denied, Diamond v. Pennsylvania*, 135 S. Ct. 145 (2014).

Instantly, however, Appellant argues the evidence was insufficient because the Commonwealth violated the *corpus delicti* rule. Appellant's Brief at 12. Specifically, he argues that he "was only proven to have been merely present in the red Ford Taurus and was never shown to have possessed the bag containing [X]anax and marijuana by independent evidence, separate and apart from his stand alone admission." *Id.* at 13.

> The *corpus delicti* rule provides that the Commonwealth bears a burden of showing that the charged crime actually occurred before a confession or admission by the accused can be admitted as evidence. The *corpus delecti* [sic] is literally the body of the crime; it consists of proof that a loss or injury has occurred as a result of the criminal conduct of someone. The purpose of the *corpus delicti* rule is to guard against the hasty and unguarded character which is often attached to

- 5 -

confessions and admissions and the consequent danger of a conviction where no crime has in fact been committed.

*Commonwealth v. Otterson*, 947 A.2d 1239, 1249 (Pa Super. 2008) (quotation marks and citations omitted).

We dealt with a similar circumstance in *Otterson*, which we addressed as follows. "Initially, we point out that even though Appellant has framed his argument as a challenge to the sufficiency of the evidence, the *corpus delicti* rule applies to the admissibility of evidence." *Id.* at 1249 (citation omitted). In reviewing a trial court's ruling on the admissibility of evidence, our standard of review is one of deference. *Commonwealth v. Selenski*, 18 A.3d 1229, 1232 (Pa. Super. 2011), *vacated in part on other grounds*, 92 A.3d 766 (Pa. 2014). Questions concerning the admissibility of evidence are within "the sound discretion of the trial court, and its discretion will not be reversed absent a clear abuse of discretion." *Id.* (citation omitted). "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." *Commonwealth v. Harris*, 884 A.2d 920, 924 (Pa. Super. 2005) (internal citations and quotation marks omitted), *appeal denied*, 928 A.2d 1289 (Pa. 2007). Furthermore, "if in reaching a conclusion the trial court over-rides [sic] or misapplies the law, discretion is then abused and it is the duty of the appellate court to correct the error."

***Commonwealth v. Weakley***, 972 A.2d 1182, 1188 (Pa. Super. 2009) (citation omitted), *appeal denied*, 986 A.2d 150 (Pa. 2009).

We note, however, that Appellant has waived his *corpus deliciti* challenge for failure to preserve it below. Pennsylvania Rule of Appellate Procedure 302(a) provides that, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." The relevant testimony of Officer Jessie, elicited by the Commonwealth, is as follows.

> A. There was a clear plastic bag right where [Appellant] was sitting. In that bag, it had a brown handle cigar/cigarette, which I immediately recognized as marijuana. Inside that was also blue pills. Once that was removed, looked on the pills and had a stamp of 3721, which in my previous experience was Xanax. So [Appellant] was taken into custody for a violation of controlled substance.
>
> Q. I'm going to ask you a question. You said that the bag was near [Appellant]. Where was it?
>
> A. It was in the left side of the vehicle where he was sitting as his right foot, so kind of like in the seat -- well on the floor next to the right foot.
>
> Q. Okay. And was [Appellant] asked about the items in the bag?
>
> A. That's correct.
>
> Q. What did he say?
>
> A. He had said that he had a prescription, but he could not produce one.
>
> Q. What did he say about the marijuana?
>
> A. He didn't say anything in reference to the marijuana.

N.T., 5/14/13, at 11-12. Accordingly, the record reveals that no objection was raised contemporaneously to the testimony at issue. Therefore, Appellant has waived this issue on appeal.

Based on the foregoing, we conclude Appellant has waived his challenge to the *corpus delicti* rule. Accordingly, we affirm the trial court's May 14, 2013 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/21/2015